OPINION OF THE COURT
Anthony K. Pomilio, J.
The parties in this proceeding were divorced in this State pursuant to a decree of divorce granted by Supreme Court in Oneida County on November 10, 1977. That decree granted custody of two children of the marriage, Theodore Waskiewicz and Richard Waskiewicz, to the petitioner herein and granted *145 custody of the other two children, Rene Alesha Waskiewicz and James Waskiewicz, to the respondent herein. The decree further provided that "any subsequent action concerning support, custody, and visitation of the infant issue of the marriage, shall be decided by the Family Court of the State of New York, which shall have exclusive jurisdiction of those issues”.
The petitioner, pursuant to the terms of the decree, made application to the Family Court of Oneida County to modify the decree with respect to the provisions of custody by granting custody of the two children, Rene Waskiewicz and James Waskiewicz, to him. A hearing was held in this court in this matter, and the petition was denied.
The respondent, through her attorney, requested that she be awarded counsel fees in the amount of $500. The motion for counsel fees was opposed by the attorney for the petitioner, and the court reserved decision in this matter pending submission of memoranda by the attorneys for the respective parties.
The question presented is whether Family Court has the power to order a father to pay counsel fees to the attorney for the mother in a proceeding to modify custody provisions of a divorce decree where that decree confers exclusive jurisdiction on Family Court as to all future questions of custody, support, and visitation of the children of the marriage. The petitioner’s position is that Family Court has no such jurisdiction to allow counsel fees in custody matters, that section 237 of the Domestic Relations Law, which relates to counsel fees, is unconstitutional, and that even if the respondent is entitled to counsel fees, no proof has been submitted to substantiate the request for counsel fees and a hearing would have to be held to determine the amount of counsel fees to be awarded. Respondent’s position is that counsel fees can be ordered under the circumstances in this case and respondent’s position is that counsel fees should be allowed based on section 651 of the Family Court Act and subdivision (b) of section 237 of the Domestic Relations Law as well as cases cited.
We note that the proceeding has been brought erroneously under section 651 of the Family Court Act. Actually, it should have been brought under section 652 of the act.
Family Court, as petitioner’s attorney points out, is a court of limited jurisdiction, which derives its power only from statute. Section 652 of the Family Court Act provides in part, "When referred from the supreme court to the family court, *146 the family court has jurisdiction to determine, with the same powers possessed by the supreme court, applications to fix temporary or permanent custody and applications to modify judgments and orders of custody in actions and proceedings for marital separation, divorce, annulment of marriage and dissolution of marriage.” (Italics supplied.) This section confers upon Family Court the same powers as possessed by the Supreme Court in a proceeding to modify custody provisions of a divorce decree.
Subdivision (b) of section 237 of the Domestic Relations Law governs with reference to counsel fees in applications to modify a judgment of custody. That section reads as follows: "Upon any application to annul or modify an order or judgment for alimony or for custody, visitation, or maintenance of a child, made as in section two hundred thirty-six or section two hundred forty provided, or upon any application by writ of habeas corpus or by petition and order to show cause concerning custody, visitation or maintenance of a child, the court may direct the husband or father to pay such sum or sums of money for the prosecution or the defense of the application or proceeding by the wife or mother as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties.”
The two statutes taken together clearly indicate that Family Court, under the circumstances in this case, has jurisdiction not only to pass on the issue of custody but also to award counsel fees. Subdivision (b) of section 237 of the Domestic Relations Law quoted above clearly indicates a statutory basis for awarding such fees, and this provision is applicable whether the proceeding is in Supreme Court or in this court.
Petitioner’s attorney submits that there can be no allowance for counsel fees under subdivision (b) of section 237 of the Domestic Relations Law on the basis that such statute is unconstitutional and cites the case of Thaler v Thaler (89 Misc 2d 315). Our reading of that case does not lead to that conclusion. Furthermore, even if it did, we submit that this decision in the Supreme court of Nassau County is not binding on this court.
The request for counsel fees for the respondent does not appear unreasonable, and the court, in its discretion, could make an allowance in that amount. Nevertheless, this court will request respondent’s attorney to submit affidavit of services on behalf of the respondent in this proceeding. Such *147 affidavit is to be submitted by January 15, 1979, to the court and to petitioner’s attorney, and the matter will be scheduled for January 22, 1979, at 9:30 a.m. for disposition.